HOLMAN LAW OFFICE
Kristina S. Holman, SBN No. 3742
8275 S. Eastern Ave., Suite 215
Las Vegas, NV 89123
Tel: (702) 614-4777
Fax: (702) 990-8681
Email: *kholman@kristinaholman.com*
*Attorney for Plaintiff,*
  *Shauna Mellor*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHAUNA MELLOR,

    Plaintiff,

vs.

TESLA MOTORS, INC.; DOES I through X, inclusive; and ROE CORPORATIONS 1 through X, inclusive.

    Defendants.

CASE NO.:

**COMPLAINT**
**(Jury Demanded)**

COMES NOW PLAINTIFF, SHAUNA MELLOR (hereinafter "Plaintiff" or "Ms. Mellor"), by and through her attorney, Kristina S. Holman, and complain against Defendants and allege causes of action as follows:

**JURISDICTION AND VENUE**

1. This is a civil action for damages under federal statutes prohibiting disability discrimination and retaliation, and to secure the protection of and to redress deprivation of rights under these laws.

2. Plaintiff's statutory claims arise under Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5. The Plaintiff asserts she was treated differently and terminated from her employment because of her disability for which she was but then harassed for utilizing that accommodation.

3. Plaintiff's claims also arise under retaliation for filing complaints with her employer Defendant Tesla concerning her requests and denials of reasonable accommodations based on her disability.

4. All conditions precedent to jurisdiction under the ADA and related retaliation claims have occurred or been complied with as herein described:

(a) Plaintiff filed a "Charge of Discrimination" (EEOC Charge No. 487-2024-00736) (attached as Exhibit 1), signing such Charge on 2/15/2024, which is within 300 days of the commission of the unlawful employment practices alleged in this Complaint.

(b) Plaintiff received the "Determination and Notice of Rights" ("right-to-sue" notice) on or about February 22, 2024 (attached as Exhibit 2). Therefore, Plaintiff has filed her Complaint in a timely manner.

5. Venue is proper in the Federal District Court of Nevada pursuant to 28 U.S.C. §1391(b) because the unlawful employment practices were committed in and arose in the District of Nevada.

**THE PARTIES**

6. Plaintiff, SHAUNA MELLOR, during the relevant time period, was a resident of Clark County, State of Nevada. At all relevant times, Plaintiff was employed by TESLA (hereinafter "Tesla," "Employer," or "Defendant") from on or about April 18, 2022 through her termination of employment on September 1, 2023.

7. Defendant TESLA MOTORS, INC. is a corporation located in Las Vegas, Nevada licensed to conduct business in Nevada, and is qualified to do business in the State of Nevada.

8. As Plaintiff's employer during the relevant time period, Defendant Tesla is required to comply with all state and federal statutes which prohibit disability discrimination and retaliation related thereto.

9. Doe Defendants I-X, inclusive, are persons whose true identities are unknown to Plaintiff at this time. Individual Doe Defendants are persons acting on behalf of or at the direction of any corporate or business Defendants or who may be officers, employees, or agents of Defendant Tesla and/or Roe Corporation and acted to deprive Plaintiff of her rights. The Roe Corporations may be parent companies, subsidiary companies, owners, predecessor or successor entities, or business advisers, de facto partners, or joint ventures of Defendant Mesa View. Plaintiff alleges that individual Does I-X and Roe Corporation Defendants I-X may have authorized, committed, directed, and/or assisted in the commission or ratified the commission of the unlawful discriminatory and/or tortious acts directed toward Plaintiff and thus, may be responsible in whole or in part, for her damages. Plaintiff will seek leave to amend this Complaint as soon as the true identities of Doe/Roe Defendants are revealed.

## FACTS

10. Defendant Tesla hired Plaintiff Shauna Mellor on April 18, 2022. She began in the "Pathway Internship Program." Then she attended advanced training at the Tesla START program in North Carolina. On November 22, 2022, Tesla started her as a technician at Las Vegas, West location.

11. Ms. Mellor suffered from a disability. She disclosed her disability to her employer in early 2023 (to her General Manager and Operations Manager) – that she was experiencing mental health issues, and that she was seeking counseling. The General Manager assured her that she would be accommodated. However, with this knowledge the operations manager criticized

her performance in a continuous and almost aggressive manner. On April 8, 2023, Tesla, through its Tesla Leave and Disability Team, granted her official intermittent days/leaves of absence.

12. Beginning on April 29, 2023, Tesla management personnel harassed Ms. Mellor for having a disability, and scolding accusations. Thereafter, Ms. Mellor was subjected to unequal terms and conditions of employment including but not limited to the following: the Director of Operations submitted several write-ups with no basis. One such write-up was believed to be fabricated so as to form a bogus reason for Ms. Mellor's termination.

13. Defendant Tesla's failure to engage in good faith discussions concerning reasonable accommodation for Plaintiff's disabilities had resulted in continued stress on the job, and ultimately her termination.

14. Defendant Tesla therefore failed to continue to provide Plaintiff with reasonable accommodation.

15. Ms. Mellor had consistently engaged in the interactive dialogue with Defendant Tesla, and was always cooperative with regard to the accommodation of her disability. But Tesla instead engaged in harassment toward Ms. Mellor in questioning her disability and simply making her job more difficult.

16. By not addressing and correcting the harassment, Tesla allowed it to continue, ultimately ending in Ms. Mellor's termination.

17. No efforts were made to correct the harassing behavior.

18. Ms. Mellor believes that her pursuit of reasonable accommodations in order to allow her to work have resulted in retaliation for her complaints

### FIRST CAUSE OF ACTION
*Disability Discrimination under the*
*Americans with Disabilities Act ("ADA")*

19. Plaintiff Shauna Mellor repleads and realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 18.

20. Defendant Tesla, an employer, knew or should have known of its long-standing obligation, pursuant to state and federal statutes, to maintain a workplace free of disability discrimination.

21. Defendants failed to take reasonably adequate steps to prevent disability discrimination in its workplace.

22. Defendants failed to institute effective institutional policies to remedy complaints about conduct which might constitute disability discrimination.

23. Defendants initially provided an accommodation for Ms. Mellor so that she was able to obtain intermittent days off and/or leaves of absence. However, shortly thereafter, her employer made it more difficult to request her accommodation because she would then be subjected to retaliation. .

24. Therefore, Mr. Mellor charges that Defendant Tesla has discriminated against her based on disability, and that Tesla and its management and/or medical leaves team allowed, authorized and ratified these actions.

25. Ms. Mellor has also suffered serious mental distress as a result of this unlawful discrimination.

26. Ms. Mellor is entitled to be fully compensated for all damages she has sustained.

27. It has been necessary for Ms. Mellor to retain the services of an attorney and she should be compensated for her reasonable legal fees and costs.

**SECOND CAUSE OF ACTION**
*Retaliation under Federal*
*Anti-discrimination Statutes*

28. Plaintiff repleads and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 27.

29. Defendant Tesla knew or should have known of its obligation to refrain from and prevent retaliatory acts against Plaintiff and Defendant failed to do so.

30. Defendants subjected Plaintiff to adverse terms and conditions of employment after she reported incidents of harassment and discrimination based on disability and her requests for accommodations.

31. Defendants further retaliated against Plaintiff by failing to take corrective action after she continued reports of failure to accommodate or harassment for requesting an accommodation. Harassment simply continued.

32. As a direct and proximate result of Defendants' discrimination, Plaintiff has been deprived of economic benefits, including, but not limited to, lost wages, loss of fringe benefits, and loss of job opportunities (promotions).

33. Defendants' retaliatory actions against Plaintiff have caused, continue to cause, and will cause her to suffer substantial damages for future pecuniary loses, mental anguish, loss of enjoyment of life, inconvenience, and other nonpecuniary losses.

34. It has been necessary for Ms. Mellor to retain the services of an attorney. She is entitled to her reasonable attorneys' fees and costs in this action.

35. Defendants' actions against Ms. Mellor have caused, continue to cause, and will cause her to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment of life, inconvenience, and other nonpecuniary losses.

36. As a result of Defendants' conduct, Plaintiff Mellor suffered damages, including earning capacity, in an amount to be proven at the time of trial.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Shauna Mellor respectfully prays as follows:

1. A trial by jury on all issues;

2. All employment-related losses subject to proof;

3. All compensatory, special and general damages allowed by law;

4. Punitive damages in an amount found by the jury to be sufficient to punish and/or deter Defendants and all other from engaging in any such conduct in the future as an example to other employers not to engage in such conduct;

5. Attorneys' fees and costs of suit;

6. Prejudgment interest;

7. Injunctive relief as appropriate; and

8. Such other and further relief as the Court shall deem just and proper.

Dated this 22nd day of May 2024.

By: /s/ *Kristina S. Holman*
Kristina S. Holman
Holman Law Office
*Attorney for Plaintiff,*
*Shaina Mellor*

# EXHIBIT 1

# EXHIBIT 1



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## CHARGE OF DISCRIMINATION

EEOC Form 5A (August 2023)

For Official Use Only – Charge Number:
**487-2024-00736**

| | |
|---|---|
| **Personal Information** | First Name: Shauna   MI: ___   Last Name: Mellor<br>Address: [redacted]   Apt.: ___<br>City: [redacted]   County: NV   State: NV   Zip Code: [redacted]<br>Phone: 702[redacted]   Home ☐ Work ☑ Cell ☐   Email: [redacted] |
| **Who do you think discriminated against you?** | Employer ☑   Union ☐   Employment Agency ☐   Other Organization ☐<br>Organization Name: Tesla Motors, Inc<br>Address: 7077 West Sahara Avenue   Suite: ___<br>City: Las Vegas   State: NV   Zip Code: 89117   Phone: 702-914-650[_] |
| **Why you think you were discriminated against?** | Race ☐   Color ☐   Religion ☐   Sex ☐   National Origin ☐   Age ☐   Pregnancy ☐<br>Disability ☑   Genetic Information ☐   Retaliation ☑   Other ☐ (specify) |
| **What happened to you that you think was discriminatory?** | Date of most recent job action you think was discriminatory: April 29, 2023<br>Also describe briefly each job action you think was discriminatory and when it happened (estimate).<br>-Hired on April 18, 2022 /Terminated: Sept. 1, 2023.<br>-On April 8 2023, granted official intermittent days/ leave of absence from Tesla Leave & Disability Team<br>-On April 29, 2023, I was harassed for having a disability through comments and scolding accusations.<br>-The Director of Operations sought out reasons for write-ups, one of which I believe to be fabricated in order to terminate my employment.<br>-On Sept 1, 2023, I was fired the day I returned from FMLA. I believe this was retaliation for using my employee benefits. |
| **Signature and Verification** | I understand this charge will be filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address, phone, or email. I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I understand by signing below that I am filing a charge of employment discrimination with the EEOC. I understand that the EEOC is required by law to give a copy of the charge, which includes my allegations and my name, to the organization named above. I also understand that the EEOC can only investigate charges of job discrimination based on race, color, religion, sex, national origin, age, disability, genetic information, or based on retaliation for filing a charge of job discrimination, participating in an investigation of a job discrimination complaint, or opposing job discrimination.<br><br>I declare under penalty of perjury that the above is true and correct.<br>Signature: *[signed]*   Date: 2/15/23 |

# EXHIBIT 2

# EXHIBIT 2

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Las Vegas Local Office
333 Las Vegas Blvd South, Suite 5560
Las Vegas, NV 89101
(702) 553-4470
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/22/2024

To: Shauna Mellor
NV

Charge No: 487-2024-00736

EEOC Representative and email:   RENE DELA CRUZ
Investigator
rene.delacruz@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 487-2024-00736.

On behalf of the Commission,

Digitally Signed By: Michael Mendoza
02/22/2024

Michael Mendoza
Local Office Director

**Cc:**
Stephanie Stroup
Tesla, Inc.
901 Page Avenue ATTN: Legal Department
Fremont, CA 94538

Kristina Holman
Holman Law Office
8275 South Eastern avenue suite 215
Las Vegas, NV 89123

Please retain this notice for your records.